IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:01-CV-349-H

| | | |
|---|---|---|
| TROXLER ELECTRONIC LABORATORIES, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | ORDER |
| PINE INSTRUMENT COMPANY, | ) ) ) | |
| Defendant. | ) | |

This matter is before the court on the memorandum and recommendation ("M&R") of Magistrate Judge William A. Webb concerning the parties' cross-motions for summary judgment. Appropriate responses and replies have been filed, and the time for further filings has expired. This matter is ripe for adjudication.

### STATEMENT OF THE CASE

Plaintiff Troxler Electronic Laboratories, Inc. ("Troxler") brought this action against defendant Pine Instrument Company ("Pine") for alleged infringement of U.S. Patent No. 5,323,655 ("655 patent"), entitled "Method and Apparatus for Compacting Material Samples." Pine counterclaimed, alleging infringement of U.S. Patent No. 5,606,133 ("133 patent"), entitled "Gyratory Compactor with Mold Specimen Extruder." Both patents deal with machines that compact soil and paving material and test how the

compacted specimens respond to simulated road conditions. After extensive briefing by the parties and a two-day <u>Markman</u> hearing, Judge Webb issued a thorough M&R concerning claim construction, which was adopted, with minor modifications, by this court.

Following the completion of discovery, and after extensive settlement negotiations, the parties filed the cross-motions for summary judgment now before the court. Pine moved for summary judgment on its claim that Troxler infringed the 133 patent. In addition, both parties moved for summary judgment with respect to laches and equitable estoppel defenses raised by Troxler, and with respect to an invalidity defense, also raised by Troxler. Judge Webb entered an M&R on October 6, 2008, with detailed recommendations discussed in the pertinent sections below. Both parties timely filed written objections to the M&R and appropriate responses and replies. Pine also filed a motion requesting a hearing.

<u>**COURT'S DISCUSSION**</u>

**I. Standard of Review**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, the district court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). This determination shall be de novo, and the district court may receive further evidence from the parties. 28 U.S.C. § 636(b)(1).

## II. Analysis of Objections to the M&R

### A. Pine's Motion for Summary Judgment on Infringement

Determining whether a patent has been infringed involves two steps: (1) determining the scope of the claims, or "claim construction," and (2) determining whether the properly construed claims encompass an accused structure. See, e.g., Cole v. Kimberly-Clark Corp., 102 F.3d 524, 528 (Fed. Cir. 1996). This court has already construed the claims of the 133 patent. The court's task now is to read those claims on Troxler's accused devices.

Judge Webb in his M&R recommends entry of a finding of fact that Troxler's devices "literally infringe" upon the 133 patent. "Literal infringement of a claim exists when every limitation recited in the claim is found in the accused device, i.e., when the properly construed claim reads on the accused device exactly." Id. at 532. Literal infringement is properly decided upon summary judgment when no reasonable jury could find that every limitation recited in the properly construed claims is or is not found in the accused device. See U.S. Philips Corp. v. Iwasaki Elec. Co. Ltd., 505 F.3d 1371, 1374 (Fed. Cir. 2007); PC Connector Solutions LLC v. SmartDisk Corp., 406 F.3d 1359, 1364 (Fed. Cir. 2005); Bai v. L & L Wings, Inc., 160 F.3d 1350, 1352 (Fed. Cir. 1998).

Pine contends that three of Troxler's gyratory compactor models - the 4140, 4140B, and 4141 models - infringe certain claims

3

of the 133 patent. Judge Webb analyzed all three models against the 133 patent, concluding that the 4140, 4140B and 4141 models contain all the elements of Claims 6, 9, 10, 11, and 12 of the 133 patent, and that the 4140 and 4140B models also contain all the elements of Claims 7 and 8 of the 133 patent. (M&R at 6-19.)

Pine does not object to this portion of the M&R. Troxler does not contest this portion of the M&R insofar as it pertains to the 4141 model. However, Troxler objects on two grounds to the M&R's conclusion that the 4140 and 4140B devices literally read upon claims 6-12 of the 133 patent.

1. *Troxler's Objection Related to the Device "Extruder"*

Troxler's first objection concerns the device "extruder," which functions by extracting a material specimen from a mold. As part of the claim construction related to the 133 patent, this court defined the extruder, in part, as "an integral component of the frame," and defined "integral" to mean "composed of constituent parts making a whole," connoting separability. (Claim Construction M&R [DE #116] at 75 & n.20; Order Adopting Claim Construction M&R [DE #122] at 14-15.) Troxler argues that its 4140 and 4140B models do not fit these definitions, or at least that there is a factual dispute on this issue, because the extractor is "manufactured and sold as a separate component from the frame." (Pl.'s Objections at 21.) Troxler also points out that, "in some cases, the gyratory compactor might not ever be used with or sold with the extruder."

4

(Pl.'s Resp. at 21.) Even if true, these details would not aid Troxler, because the record conclusively establishes that Troxler intended the extruder to attach to the compactor and to be used in an infringing manner at least some of the time. See Haworth, Inc. v. Herman Miller, Inc., 1994 WL 875931 at *9-10 (W.D. Mich. Oct. 24, 1994) (noting that a manufacturer cannot avoid a finding of infringement "simply by declaring 'infringing parts sold separately.'"). The extruder's separate manufacture and sale, and the fact that the compactor can be used without the extruder, fail to keep the extruder from being an "integral component of the frame" as that phrase has been defined by this court. See Haworth, 1994 WL 875931 (entering summary judgment against infringer who intended customers to use its product in an infringing manner "at least some of the time"). The court therefore rejects Troxler's first objection.

2. *Troxler's Objection Regarding Co-Planar Mold Supporting Surfaces*

Troxler's second objection concerns the requirement in certain claims of the 133 patent that the supporting surfaces of the claimed compaction device be in the same horizontal plane. The court has reviewed the record and the parties' briefs on this issue, finding nothing to cast doubt on the magistrate judge's determination that "[the] mold material extractor" in the 4140 and 4140B models "has a second mold supporting surface located in the same horizontal plane with the first mold supporting surface."

5

(M&R at 10.) Therefore, the court rejects Troxler's second objection. The court also rejects this objection as it relates to Claims 6, 9, 11 and 12 for the additional reason that those claims do not include limitations for co-planar mold supporting surfaces. (See Claim Construction M&R [DE #116] at 61, 63.)

3. *Propriety of Granting Summary Judgment*

The M&R recommends denying Pine's motion for summary judgment in spite of the finding of literal infringement, because conclusions cannot be reached short of trial on Troxler's defenses of laches and equitable estoppel. Troxler agrees, contending that the appropriate course is for the court to issue an order specifying facts no longer at issue that will be treated as established in the action. See 11 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 56.40 (3d ed. 2007). Pine objects, seemingly viewing as mutually exclusive a denial of their motion and entry of a finding of fact eliminating infringement as an issue in the case.

The court rejects Pine's objection, viewing the denial of Pine's motion coupled with an appropriate factual finding to be both a prudent and legally correct course. The court therefore adopts the M&R in full on the issue of infringement. Based on the reasoning contained therein, supplemented by the foregoing discussion, the court DENIES Pine's motion for summary judgment on the issue of infringement but FINDS AS A FACT that Troxler's Models 4140, 4140B and 4141 gyratory compactors literally read upon the

6

133 patent. As a result, this fact is conclusively established and no longer at issue in this case.

   B.  Cross-Motions for Summary Judgment on Troxler's
       Equitable Estoppel and Laches Defenses

The M&R recommends that the court deny the parties' cross-motions for summary judgment on Troxler's defenses of equitable estoppel and laches because genuine issues of material fact remain with respect to each. However, the M&R recommends entry of two related findings of fact that would conclusively establish an element of each defense. In particular, the M&R suggests that the record points inescapably to the conclusion that Pine engaged in misleading conduct by remaining silent on Troxler's allegedly infringing conduct for nearly five years (one of three elements of the equitable estoppel defense) and that Pine's unjustified delay in initiating its claims was unreasonable as defined by the doctrine of laches. For its part, Pine does not contest the propriety of entering such findings, instead focusing on Troxler's asserted inability to prove the other elements of the defenses.

   1.  *Equitable Estoppel*

To succeed on an equitable estoppel defense in a patent case, the party asserting the defense must show that:

> (a) The patentee, through misleading conduct, [led] the alleged infringer to reasonably infer that the patentee [did] not intend to enforce its patent against the alleged infringer. "Conduct" may include specific statements, action, inaction, or silence where there is a duty to speak.

(b) The alleged infringer [relied] on that conduct.

(c) Due to its reliance, the alleged infringer will be materially prejudiced if the patentee is allowed to proceed with its claim.

Wafer Shave, Inc. v. Gillette Co., 857 F. Supp. 112, 118 (D. Mass. 1993), aff'd without opinion, 26 F.3d 140 (Fed. Cir. 1994) (citation omitted). The M&R suggests, with respect to the first factor, that "the only possible finding" on this record is that "Pine's conduct was misleading." (M&R at 26; see also M&R at 20-26.) Nevertheless, the M&R recommends denying summary judgment because, it would find, there is an issue of material fact with respect to Troxler's asserted reliance on Pine's misleading conduct. The M&R also suggests that neither party is entitled to summary judgment on the third "prejudice" factor.

Pine argues that Troxler's apparent reliance on its own belief that its product did not infringe the 133 patent negates the legal effect of any reliance caused by Pine's conduct. The court finds no support for Pine's legal position on this issue. Instead, all relevant case law appears to point to the opposite conclusion, that an accused infringer's reliance on its own belief in the invalidity of the asserted patent does not negate reliance on the other party's misleading conduct. See Sorensen v. Black & Decker, 2007 WL 1976652 at *2 (S.D. Cal. 2007); Forest Labs et al. v. Abbott Labs et al., 1999 WL 33299123 at *19 (W.D.N.Y. 1999); Wafer Shave, 857 F. Supp. at 123.

8

Pine cites Gasser Chair Co. v. Infanti Chair Mfg. Corp., 60 F.3d 770, 776 (Fed. Cir. 1995). In Gasser Chair, the Federal Circuit reversed a district court's summary dismissal of a patent infringement claim on grounds of equitable estoppel. The court highlighted the accused infringer's total failure to show that it acted in reliance on the plaintiff's actions instead of solely on its own business judgment. Id. at 776-77. It is abundantly clear, in light of Gasser Chair and other cases, that an infringer that merely relies on its own business judgment cannot successfully assert a defense of equitable estoppel. However, it cannot now be concluded that this is such a case. On this record, as Judge Webb found, there is an issue of material fact as to whether Troxler was in fact lulled by Pine into a sense of security regarding its allegedly infringing conduct. If it was, Troxler's additional, partial reliance on its own business judgment will not decide the issue.

The record also supports the M&R's recommendation that summary judgment be denied with respect to the issues of evidentiary and economic prejudice. It is an open question whether the evidentiary prejudice Troxler suffered through Pine's delay is attributable to Pine's conduct or to Troxler's own actions. It is likewise impossible to determine, short of trial, precisely what economic prejudice Troxler has suffered and whether such prejudice is attributable to Pine's delay.

9

Case 5:01-cv-00349-H    Document 197    Filed 02/13/09    Page 9 of 14

The court hereby adopts the M&R in full on the issue of Troxler's equitable estoppel defense. For the reasons stated therein, supplemented by the foregoing discussion, the court FINDS AS A FACT that Pine's conduct was misleading, and that Troxler has therefore met the first element of the equitable estoppel defense. However, neither party is entitled to summary judgment on the remaining two elements of Troxler's equitable estoppel defense. For these reasons, the parties' cross-motions for summary judgment on the issue of equitable estoppel are DENIED.

2. *Laches*

To succeed on a laches defense, a party must show that "(a) the patentee's delay in bringing the suit was unreasonable and inexcusable, and (b) the alleged infringer suffered material prejudice attributable to the delay." Wafer Shave, 857 F. Supp. at 118. The M&R concludes that Pine's delay of nearly five years was unreasonable and inexcusable, and therefore concludes, as a matter of law, that Troxler has proven the first element of its laches defense. However, as noted above, the M&R recommends denying summary judgment because issues of material fact remain with respect to the second element, related to prejudice. Again, Pine effectively concedes the delay prong but argues that no reasonable jury could find for Troxler on the prejudice issue.

The court hereby adopts the M&R in full on the issue of Troxler's laches defense. For the reasons stated in the M&R,

10

supplemented by the court's discussion of Pine's delay and prejudice in the preceding section, the court FINDS AS A FACT that Pine's unjustified five-year delay was unreasonable, and that Troxler has therefore met the first element of the laches defense. However, neither party is entitled to summary judgment on the "prejudice" element of Troxler's laches defense. Therefore, the parties' cross-motions for summary judgment on the issue of laches are DENIED.

### 3. *Egregious Conduct Affecting Defenses*

Even if the elements of laches or estoppel are met, the court must make a broader inquiry into the conduct of the parties. "[An] otherwise meritorious laches or estoppel defense may be defeated if it is shown that the defendant is guilty of egregious conduct." Wafer Shave, 857 F. Supp. at 119 (quotations omitted). Pine contends that Troxler engaged in egregious conduct by (a) failing to adequately respond to discovery, (b) copying the 133 patent, and © filing suit against Pine without conducting a sufficient good faith investigation. Troxler counters that Pine engaged in egregious conduct by withholding material information from the USPTO Examiner during the pendency of the 133 patent.

Each of these allegations of egregious conduct presents fact-based issues that cannot be resolved on summary judgment. See KangaROOS U.S.A., Inc. v. Caldor, Inc., 778 F.2d 1571, 1576 (Fed. Cir. 1985) ("Intent to mislead or deceive is a factual issue that,

if contested, is not readily determined within the confines of Fed. R. Civ. P. 56.") (citations omitted). Therefore, this court adopts the M&R in full on the issue of egregious conduct, providing a separate and additional reason for the denial, supra, of the parties' cross-motions for summary judgment on the issues of equitable estoppel and laches.

    C.    <u>Cross-Motions for Summary Judgment on Troxler's Invalidity Defense</u>

Troxler argues that the 133 patent is invalid pursuant to 35 U.S.C. § 102(b). Section 102(b) restricts the issuance of patents to inventions that were not on sale or in public use more than one year prior to the date of the patent application. Here, the invention described in the 133 patent was offered for sale and in public use as early as October 8, 1993. The USPTO took action that had the practical effect of giving the 133 patent a filing date of February 18, 1994--within § 102(b)'s one-year window. Troxler argues that the USPTO's action was in error. If Troxler is correct, and the 133 patent is not entitled to the earlier filing date, then the filing date is no earlier than October 6, 1995, outside the one-year limit in § 102(b), and therefore invalid.

Troxler's objections to the M&R on this issue merely rehash arguments previously made and rejected by Judge Webb. Having reviewed the M&R and the parties' briefs on this issue, the court hereby adopts the M&R in full on the issue of invalidity. As noted in the M&R, the USPTO Examiner's actions in a case like this are

12

entitled to a presumption of correctness, rebuttable only by clear and convincing evidence. See M&R at 38 (citations omitted). Troxler has failed to cite clear and convincing evidence to rebut the presumption of correctness attaching to the USPTO Examiner's action. See M&R at 39. As a result, Pine's motion for summary judgment on invalidity will be GRANTED and Troxler's motion for summary judgment on invalidity will be DENIED.

## CONCLUSION

This court has conducted a full and careful review of the M&R and other documents of record, and having done so hereby finds that the recommendation of the magistrate judge is, in all respects, in accordance with the law and should be approved. Accordingly, the court adopts the recommendation of the magistrate judge as its own; and, for the reasons stated in the M&R and the additional reasons noted herein, Pine's motion for summary judgment of infringement [DE #142] is DENIED; the parties' cross-motions for summary judgment with regard to Troxler's equitable estoppel and laches defenses [DE #136 & 138] are DENIED; Troxler's motion for summary judgment of invalidity [DE #135] is DENIED; and Pine's motion for summary judgment of invalidity [DE #140] is GRANTED. In addition, the court makes the following FINDINGS OF FACT:

(1) Troxler's models 4140, 4140B and 4141 gyratory compactors literally read upon U.S. Patent No. 5,606,133;

(2) Pine engaged in "misleading conduct" as that term pertains to equitable estoppel;

(3) Pine's delay in filing suit against Troxler was unreasonable as defined by the doctrine of laches.

These facts are now conclusively established and no longer at issue in this litigation. In light of these holdings and factual findings, Pine's motion for hearing [DE #195] is DENIED AS MOOT.

This matter is set for this court's June 22, 2009 civil term. The clerk is directed to schedule the pretrial conference accordingly.

This 13th day of February 2009.

_____
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#30